IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

DELORES LEMAY,

    Plaintiff,

vs.

MAGICAL CRUISE COMPANY,
LIMITED, a Florida corporation,
d/b/a DISNEY CRUISE LINE, and
JOHN CASSIDY d/b/a
JOHN CASSIDY ENTERTAINMENT
a Pennsylvania resident,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **DELORES LEMAY** (hereinafter "Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, **MAGICAL CRUISE COMPANY, LIMITED, a Florida corporation d/b/a DISNEY CRUISE LINE** (hereinafter "Defendant") and **JOHN CASSIDY d/b/a JOHN CASSIDY ENTERTAINMENT** (hereinafter "Defendant"), and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, DELORES LEMAY, is, and at all times material hereto, were residents of the state of St. Joseph, Missouri and is *sui juris*.

2. At all times material Plaintiff was a passenger on the DISNEY CRUISE LINE cruise ship *MAGIC* (hereinafter "The Vessel").

3. Defendant, MAGICAL CRUISE COMPANY, LIMITED., is a foreign entity which has its principal place of business in Florida.

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 2 of 11 PageID 7

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 2 of 11

4.  Defendant, JOHN CASSIDY, d/b/a JOHN CASSIDY ENTERTAINMENT, is a resident of Pennsylvania.

5.  This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $30,000.00, exclusive of all interest and costs. This Court has jurisdiction based upon 28 USC § 1332 and the forum selection clause contained in the passenger ticket between Plaintiff and Defendant, and under the general maritime law of the United States.

6.  Alternatively, this Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort.

7.  Defendant, MAGICAL CRUISE COMPANY, LIMITED., at all times material hereto, personally or through an agent;

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Were engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

8.  Defendant, JOHN CASSIDY, at all times material hereto, personally or through an agent;

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Were engaged in substantial activity within this state;

    c.  Conducted his on a vessel which sailed to and from its home port in Port Canaveral, Brevard County, Florida;

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 3 of 11 PageID 8

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 3 of 11

    d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.    The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.    Upon information and belief, entered into contracts which called for performance, and contained venue provisions, requiring all disputes be resolved within the State of Florida and insured interests in Florida.

9. At all times material thereto, Defendant, DISNEY CRUISE LINE owned, operated, managed, maintained and/or controlled the vessel, the *MAGIC*.

10. Venue is proper in the Middle District of Florida in that Defendants' principal place of business is in Orlando, Florida, and this action is governed by a forum selection clause, chosen by Defendant, which provides that all suits will be brought in federal court in Orlando, Florida. Defendant has therefore agreed, in writing, that jurisdiction and venue are proper in the Middle District of Florida under the terms of the cruise ticket tendered by Defendant to Plaintiff.

11. On or about April 11, 2019, Defendant owned and operated a passenger cruise ship known as the **"Disney Magic,"** such vessel being used as a passenger cruise vessel.

12. At such time and place, Plaintiff, **DELORES LEMAY**, was lawfully and legally aboard such vessel as a paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

13. On April 11, 2019, while on board the DISNEY MAGIC, the Plaintiff, **DELORES LEMAY,** was seriously injured while participating in the John Cassidy Variety Show, which was a combination of comedy and magical acts shown in the vessel's theater.

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 4 of 11 PageID 9

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 4 of 11

14. At all times material, the performer, John Cassidy, was employed the Defendant, MAGICAL CRUISE COMPANY, LIMITED., to perform before an audience of passengers. His performance included a segment during which he invited an audience member to participate in the performance.

15. John Cassidy chose the Plaintiff, **DELORES LEMAY,** as the audience participant and required her to sit in a folding chair.

16. John Cassidy had the Plaintiff, **DELORES LEMAY,** play a guessing game involving a series of slights of hand and hand manipulations.

17. All of a sudden, without warning, the chair, in which the Plaintiff, **DELORES LEMAY,** was seated, collapsed, causing her to fall backwards she struck her head, neck, and shoulders forcibly into a metal storage box used to transport musical and entertainment equipment known as a "truck pack."

18. Plaintiff, **DELORES LEMAY,** suffered blunt force head trauma to the back of her head; a severe left elbow contusion due to falling backwards; two broken finger nails on her left hand; a contusion to her left foot and heel; and suffered a bruise on her right knee.

19. Plaintiff, **DELORES LEMAY,** felt immediate pain on palpation to the back of her head. Immediately after the incident, she began suffering from nausea, headaches, blurred vison, floaters, white spots, mental fog, confusion and disorientation.

20. Plaintiff suffers from a closed head injury with cognitive deficits and now suffers from the consequence of a traumatic brain injury.

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 5 of 11 PageID 10

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 5 of 11

21. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

**COUNT 1- NEGLIGENCE AGAINST MAGICAL CRUISE COMPANY, LIMITED**

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 21 as is set forth herein.

22. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, DISNEY CRUISE LINE's, vessel, the M/V Disney Magic, Defendant owed a "duty to exercise reasonable care under the circumstances for the safety of its passengers," including Plaintiff herein.

23. Defendant's duty to maintain all areas and features of the subject vessel, including the furniture and chairs used by passenger, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including furniture and chairs, includes a duty to regularly inspect and maintain the furniture and chairs.

24. Additionally, at all times material hereto, while Plaintiff was a passenger aboard Defendant's, DISNEY CRUISE LINE's, vessel, the M/V Disney Magic, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

25. Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition, to wit, Defendant, DISNEY CRUISE LINE, knew of the

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 6 of 11 PageID 11

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 6 of 11

dnagers of chairs collapsing during its magic shows and prior notice of these hazards. See *Vincent Bruetta v. Magical Cruise Company, Limited*, Case. No.05-2014-CA-107886 (2014).

26. Defendant failed to warn Plaintiff, **DELORES LEMAY**, of the dangerous conditions about which Defendant, DISNEY CRUISE LINE, knew or should have known in the exercise of reasonable care.

27. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to provide reasonably safe conditions for Plaintiff aboard Defendant's vessel and to embark on its vessels.

   b. Failing to provide safe chairs for use by all passengers on the subject vessel;

   c. Failing to inform and warn Plaintiff and other passengers using this chair of the dangerous and unsafe condition;

   d. Failing to adequately equip the vessel;

   e. Failing to adopt policies and procedures for the passengers using the chair, and for safe inspection and risk assessment of the chair, to discover dangerous and unsafe conditions, and to repair, remedy, or replace defective chairs;

   f. Negligently supervising, maintaining, and hiring John Cassidy;

   g. Negligently observing and monitoring John Cassidy and equipment including chairs used during his performances so as to minimize the scope of harm to Plaintiff and other passengers/slide users similarly situated;

   h. Failing to keep the chairs maintained and in good condition to allow normal use by passengers;

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 7 of 11 PageID 12

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 7 of 11

  i. Failing to inspect for, and to observe on a reasonable basis, changes in condition of the chairs;

  j. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

  k. Providing negligent maintenance to the chair;

  l. Failing to otherwise maintain the chairs in a safe and reasonable manner;

  m. Failing to comply with the ISM Code its own internal policies and procedures contained in Defendants SMS (Safety Management System) regarding regular inspections of its equipment, furniture, and furnishings to be used by passengers including Plaintiff.

28. As a direct and proximate result of Defendant's negligence, Plaintiff, **DELORES LEMAY**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; expenses for physical and occupational therapy, and medical expenses. Plaintiff's losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

  **WHEREFORE**, Plaintiff, **DELORES LEMAY**, demands judgment, interest and costs against Defendant, **DISNEY CRUISE LINE,** and any such other relief to which the Plaintiff may be justly entitled.

## COUNT 2- NEGLIGENCE AGAINST JOHN CASSIDY

 Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 21 as is set forth herein.

29. At all times material hereto, while Plaintiff was a passenger aboard, DISNEY CRUISE LINE's, vessel, the M/V Disney Magic, Defendant, JOHN CASSIDY, owed a "duty to

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 8 of 11 PageID 13

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 8 of 11

exercise reasonable care under the circumstances for the safety of its passengers," including Plaintiff herein.

30. Defendant, JOHN CASSIDY, owed a duty to maintain all features and equipment used during the subject performance, including the furniture and chairs used by passengers, as part of Defendant, JOHN CASSIDY's, duty of reasonable care under the circumstances.

31. Additionally, at all times material hereto, while Plaintiff was a passenger aboard DISNEY CRUISE LINE's, vessel, the M/V Disney Magic, Defendant, JOHN CASSIDY, had a duty to warn its participants, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

32. Defendant either (a) created the dangerous condition; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

33. Defendant, JOHN CASSIDY, failed to warn Plaintiff, **DELORES LEMAY**, of the dangerous conditions about which Defendant, JOHN CASSIDY, knew or should have known in the exercise of reasonable care.

34. At all times material, the Defendant, JOHN CASSIDY, through its agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached his duty owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to provide reasonably safe conditions for Plaintiff during the performance;

   b. Failing to provide safe chairs for use by all passengers during the subject performance;

   c. Failing to inform and warn Plaintiff and other passengers using this chair of the dangerous and unsafe condition;

Case 6:21-cv-01601-ACC-GJK Document 1-1 Filed 09/28/21 Page 9 of 11 PageID 14

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 9 of 11

    d.    Failing to adequately provide equipment used by passengers during the performance;

    e.    Failing to adopt policies and procedures for the passengers using the chair, and for safe inspection and risk assessment of the chair, to discover dangerous and unsafe conditions and to repair or remedy or replace defective chairs;

    f.    Failing to keep the chairs maintained and in good condition to allow normal use by passengers;

    g.    Failing to inspect for, and to observe on a reasonable basis, changes in condition of the chairs, including wear and tear, damage, and other dangerous conditions;

    h.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as potential collapsed of the chair used by the Plaintiff;

    i.    Providing negligent maintenance to the chair;

    j.    Failing to otherwise maintain the chairs in a safe and reasonable manner;

    k.    Failing to comply with the ISM Code its own internal policies and procedures contained in Defendants SMS (Safety Management System) regarding regular inspections of its equipment, furniture, and furnishings to be used by passengers including Plaintiff.

35. As a direct and proximate result of Defendant's negligence, Plaintiff, **DELORES LEMAY**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; expenses for physical and occupational therapy, and medical expenses. Plaintiff's losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **DELORES LEMAY**, demands judgment, interest and costs against Defendant, **JOHN CASSIDY,** and any such other relief to which the Plaintiff may be

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 10 of 11 PageID 15

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 10 of 11

justly entitled.

## COUNT 3
## NEGLIGENCE (VICARIOUS LIABILITY/APPARENT AGENCY) CLAIM AGAINST MAGICAL CRUISE COMPANY, LIMITED

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 21 as is set forth herein.

36. As his employer, and owner/operator of the subject vessel, Defendant, **DISNEY CRUISE LINE,** hired the Defendant, **JOHN CASSIDY**, as a performer on the subject vessel to entertain its passengers as a magician and part of the crew as an entertainer.

37. Entertainment is a regular and expected part of the cruise voyage experience and a *sine qua non* of cruise travel.

38. **DISNEY CRUISE LINE** is vicariously liable for **JOHN CASSIDY's** negligence.

39. **DISNEY CRUISE LINE** represented to its cruise passengers, including but not limited to Plaintiff that the performer, JOHN CASSIDY, was acting for the benefit of **DISNEY CRUISE LINE**.

40. Plaintiff had a reasonable belief that the Performer had the authority to act for the benefit of **DISNEY CRUISE LINE.** Plaintiff detrimentally relied upon these representations by agreeing to participate in JOHN CASSIDY's performance and would not have participated if she had not believed that JOHN CASSIDY was **DISNEY CRUISE LINE's** agent. Plaintiff reasonably acted upon such beliefs in participating in the performance. Plaintiff so relied to her detriment, purchasing the excursion resulting in her physical injury.

41. At all material times, **DISNEY CRUISE LINE** is estopped from denying that **JOHN CASSIDY** was its agent or employee.

42. **DISNEY CRUISE LINE** is therefore legally responsible for the foregoing acts of

Case 6:21-cv-01601-ACC-GJK   Document 1-1   Filed 09/28/21   Page 11 of 11 PageID 16

Lemay v. Magical Cruise Company, et. al.
Complaint
Page 11 of 11

negligence of **JOHN CASSIDY** set forth in Count 1, including all subparts, which were a direct and proximate cause of the injuries of Plaintiff.

43. As a direct and proximate result of the aforementioned carelessness and negligence of **DISNEY CRUISE LINE**, Plaintiff sustained the serious, catastrophic and permanent injuries and damages set forth herein.

44. As a direct and proximate result of the aforesaid negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of her damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against **DISNEY CRUISE LINE** for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right.

**Submitted this 13th day of July, 2020.**

By:*/s/ Glenn J. Holzberg*
GLENN J. HOLZBERG
Florida Bar No.: 369551
LOUIS M. HOLZBERG
Florida Bar No.: 1011340

**HOLZBERG LEGAL**
Counsel for Plaintiff
7685 SW 104th Street
Suite 220
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161